UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISA IRLINA,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF OAKLAND, OAKLAND ANIMAL SERVICES DIVISION,<br><br>    Defendant. | Case No. 14-cv-00381-TEH<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND DISMISSING SUIT FOR LACK OF JURISDICTION** |

    This matter came before the Court on February 24, 2014, on an order to show cause as to why a preliminary injunction should not issue. Having considered the arguments of the parties and the papers submitted, the Court concludes that a preliminary injunction should not issue and dismisses the suit for lack of jurisdiction for the reasons set forth below.

**BACKGROUND**

    Plaintiff Alisa Irlina is the owner of "Cole," a Neapolitan Mastiff and Pit bull mix. On at least two separate occasions, Cole attacked and bit several people. After the first incident on February 11, 2013, Defendant City of Oakland, Animal Services Division, notified Plaintiff that it planned to schedule a hearing to designate Cole, as well as two of Plaintiff's other dogs who were involved in the attack, "vicious" pursuant to California Food & Agriculture Code Section 31603(b). Plaintiff's mother, with whom Plaintiff and her dogs lived, signed a waiver of the hearing and agreed to comply with the requirements for keeping vicious dogs. Plaintiff alleges that although she and the dogs live with her mother, she is the only owner of the dogs, and therefore her mother had no authority to waive the hearing.

    On October 21, 2013, the dogs got loose from their yard and Cole attacked a 17-year old boy. The dogs chased him, and Cole bit him and tore his pants as he tried to get

away.

After this second incident, Defendant requested that Plaintiff bring Cole in for quarantine to ensure he did not have rabies. Plaintiff complied on October 22, 2013, and the next day she was notified that Defendant would be keeping Cole until a hearing on his future. On November 12, 2013, applying a "preponderance of the evidence" burden of proof, a hearing officer found Cole to be a "significant public threat" and ordered his destruction. On December 13, 2013, Plaintiff filed an appeal to the California Superior Court challenging Cole's vicious dog designation, his seizure, and the order destroying him. The Superior Court heard Plaintiff's case de novo on January 27, 2014, and concluded that Cole was properly classified as vicious, was a threat to the community, and ruled that he must be euthanized.

On the same day that the Superior Court issued its order, Plaintiff filed suit in federal court asserting Fourth, Fifth and Fourteenth Amendment violations based on Cole's seizure, a corresponding denial of Plaintiff's right to due process, as well as a conversion and unlawful detainer claim. On February 13, 2014, Plaintiff filed an emergency TRO application and motion for preliminary injunction in this Court to enjoin the Defendant from proceeding with Cole's euthanization, which was scheduled for February 14, 2014. The Court, finding that the dog's erroneous euthanization would be an irreparable injury, granted the TRO and scheduled for February 24, 2014 a hearing for an order to show cause regarding the preliminary injunction which is now before this Court. Defendant now argues that the Court lacks jurisdiction to hear the case under the *Rooker-Feldman* doctrine, that the Court is barred from issuing an injunction under the Anti-Injunction Act, and that Plaintiff's claims are precluded by the state court's rulings.

**LEGAL STANDARD**

The purpose of a preliminary injunction is to "preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined." *University of*

1   *Texas v. Camenisch*, 451 U.S. 390, 395 (1981).  "A plaintiff seeking a preliminary
2   injunction must establish that he is likely to succeed on the merits, that he is likely to suffer
3   irreparable harm in the absence of preliminary relief, that the balance of equities tips in his
4   favor, and that an injunction is in the public interest."  *Winter v. Natural Res. Def. Council*,
5   *Inc.*, 555 U.S. 7, 20 (2008).  If the plaintiff shows no chance of success on the merits,
6   however, the injunction should not issue.  *Arcamuzi v. Cont'l Air Lines, Inc.*, 819 F.2d 935,
7   937 (9th Cir. 1987).  At a bare minimum, the plaintiff "must demonstrate a fair chance of
8   success of the merits, or questions serious enough to require litigation."  *Id*.

## DISCUSSION

Before entering a preliminary injunction, the Court must first ensure that it has subject matter jurisdiction over the action.  *See Republic of the Philippines v. Marcos,* 862 F.2d 1355, 1359 (9th Cir. 1988).  Defendant asserts that the Court lacks jurisdiction because the *Rooker-Feldman* doctrine prohibits federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004); *see Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).  In *Noel v. Hall*, the Ninth Circuit explained that *Rooker-Feldman* bars subject matter jurisdiction in federal district court, "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision."  341 F.3d 1148, 1164 (9th Cir. 2003).  "If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction."  *Id.* (emphasis added).

The question thus before the Court is whether Plaintiff's suit is a de facto appeal from a state court judgment such that federal review is barred by *Rooker-Feldman*. "Determining what constitutes a forbidden de facto appeal, however, has sometimes proven difficult."  *Kougasian*, 359 F.3d at 1139.  There are essentially two different ways a case constitutes a de facto appeal, one deriving from the *Rooker* case, the other from

3

*Feldman*. *Noel*, 341 F.3d at 1163. The first is where a federal plaintiff "complain[s] of harm caused by a state court judgment that directly withholds a benefit from (or imposes a detriment on) the federal plaintiff, based on an allegedly erroneous ruling by that court." *Id*. For example, in *Feldman*, plaintiffs filed suit concerning the state court's decision to deny them a waiver of a bar admission rule. 460 U.S. 462. In the second type of case, the federal plaintiff complains of a legal injury caused by an allegedly erroneous state court legal ruling in a case in which the federal plaintiff was one of the litigants. *Noel*, 341 F.3d at 1163. For example, in *Rooker*, the state court had ruled on a case between two litigants and the defeated litigant then brought suit in federal court asserting that it was injured by the state court judgment, which it claimed was the product of legal error. 263 U.S. at 414.

      Here, although Plaintiff does not explicitly name the California Superior Court as the defendant in her suit, from her complaint it appears that her suit falls into the second, *Rooker*-like category of a challenge based on an alleged legal error committed by the state court. The complaint asserts that Cole was improperly seized and detained, and that there were numerous due process violations at the administrative and Superior Court hearings regarding Cole. First Amended Complaint ("FAC") ¶¶ 15, 16, 18. Specifically, Plaintiff argues that the Superior Court should have applied a different burden of proof, FAC ¶ 17, and that the decision to seize and detain Cole without adequate due process constitutes a Fourth, Fourteenth, and Fifth Amendment violation, FAC ¶ 18. Plaintiff raised these same issues before the Superior Court, and the Superior Court ruled on them. The court denied Plaintiff's motion to apply a "clear and convincing" burden of proof instead of the preponderance standard put forth in California Food & Agricultural Code Section 31621. Sup. Ct. 1/27/14 Hr'g Tr. at 6, Def.'s Opp., Ex. 12. The court also denied Plaintiff's various evidentiary objections and other arguments regarding the due procedures the court was using to admit evidence and reach a decision as to Cole' seizure and detainer. Sup. Ct. 1/27/14 Hr'g Tr. at 9-14, Def.'s Opp., Ex. 12. Insofar as the claims are the same, Plaintiff's federal suit appears to challenge the state court's ruling and thus constitutes a de facto appeal. Plaintiff's late-stage attempt to convert her suit into a general facial

4

challenge of the state and municipal codes that apply to dog hearings in her reply – and by moving to join the State of California as a defendant – does not convert her suit from a de facto appeal into a legitimate federal suit. Her constitutional claims, as pled in the FAC, all arise out of the notion that the state court ruling on Cole was in error, and therefore still constitute an appeal of the state court ruling. Because Plaintiff's suit seeks to challenge a state court ruling, her suit is barred by operation of *Rooker-Feldman* doctrine.

Even if not deprived of jurisdiction by *Rooker-Feldman*, the facts of the case also do not support issuing a preliminary injunction. At a bare minimum, the plaintiff seeking a preliminary injunction "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." *Arcamuzi*, 819 F.2d at 937. As Plaintiff's challenge to the process and standards used at the administrative hearing and in the Superior Court are not supported by any case law or any other source of law, nor does she plead any facts to plausibly challenge the basis of the state court's determinations, she is entirely unlikely to succeed on the merits. Therefore, even if this Court had jurisdiction, this suit does not warrant the entry of a preliminary injunction.

## CONCLUSION

For the foregoing reasons, the Court finds that a preliminary injunction should not issue. Because the Court lacks jurisdiction to hear this suit by operation of the *Rooker-Feldman* doctrine, the suit is also DISMISSED. As the wrong alleged by Plaintiff is a state court judgment, no amendment could prevent the application of *Rooker-Feldman* and its bar to federal jurisdiction. Therefore, the dismissal is with prejudice.

**IT IS SO ORDERED.**

Dated: 02/27/14 _____
THELTON E. HENDERSON
United States District Judge